LOTTINGER, Judge.
This is a suit filed by petitioners to seek recovery of injuries alleged to have been sustained by them as a result of a collision between an automobile driven by one of the petitioners and an automobile driven by Henry Earl Reed, a minor, which automobile was alleged to have been owned by his father, Willie Earl Reed. The defendants are Willie Earl Reed and Casualty Reciprocal Exchange, alleged to have been the public liability insurer of the automobile driven by Henry Earl Reed at the time of the ac *611 cident. Casualty Reciprocal Exchange has filed a motion for a summary judgment, contending that it was not the insurer of the Reed car involved at the time of the accident. The motion was submitted on pleadings and exhibits. None of the parties have asked leave to offer any additional evidence in connection with the motion, nor has any one of them suggested the possibility of developing any additional facts in that connection. After argument, the Lower Court rendered a judgment dismissing the suit as it appears against Casualty Reciprocal Exchange. The petitioners have taken this appeal.
The material facts found by the Lower Court, based upon the pleadings, affidavits and a copy of the insurance policy, are as follows: On August 16, 1960 the mover, Casualty Reciprocal Exchange, issued to Willie Earl Reed, a resident of McComb,, Mississippi, an insurance policy, designated as a Family Combination Automobile Policy, insuring Reed against bodily injury and property damage liability. The only automobile described in said policy under Item 4, entitled “Description of Owned Automobile or Trailer”, was a 1958 Ford tudor sedan. This policy was in effect at the time of the accident involved in this suit. It was the only policy ever issued by mover to either Willie Earl Reed or to Henry Earl Reed. At the time this policy was issued, Willie Earl Reed also owned a 1949 Ford which he had purchased some time in late 1958 or early 1959. He had liability insurance on this 1949 Ford at the outset, however this insurance was cancelled during 1959 when the insurer learned that the insured’s minor son was keeping this car in Baton Rouge where he was living and working. After this cancellation, no insurance was secured on the 1949 Ford. On December 2, 1960 the minor son took the 1949 Ford back to McComb, and Willie Earl Reed traded it in on a 1954 Chevrolet and paid the difference. Henry Earl Reed, the minor, then took the 1954 Chevrolet back to Baton Rouge with him, and it was the car involved in the collision which occurred on December 14, 1960, which was within a thirty day period from the date of purchase of this automobile. It was agreed between the father and son that the son could become the owner of the Chevrolet by reimbursing the father for his cash investment in it, otherwise the father would sell the Chevrolet. The 1954 Chevrolet was licensed in the father’s name, and no Louisiana Title thereon was applied for. The above facts are disclosed by the pleadings and exhibits on file in the record.
Counsel for petitioners suggest that the minor son was the owner of the 1949 Ford. However, according to the affidavit of the father, this car was titled in the father’s name but he permitted his son to keep the car in Baton Rouge.
Based upon the above facts together with the provisions of LSA-C.C.P. 966-969, relative to summary judgment, the Lower Court granted the motion of Casualty Reciprocal Exchange and rendered a summary judgment dismissing the suit as against the said insurance company. Petitioners have filed this appeal.
The motion for a summary judgment which was filed by Casualty Reciprocal Exchange is predicated upon the fact that the said insurance company was not the insurer of the automobile operated by Henry Earl Reed at the time of the accident. The mover, therefore,, takes the position that it cannot be cast in judgment inasmuch as it had no liability insurance covering the said vehicle. The said motion is governed by the provisions of LSA-Code of Civil Procedure, Articles 966-969, dealing with summary judgments. The relevant portion of Article 966, with which we are now concerned, reads as follows:
“The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.”
*612 The policy in question is what is commonly referred to as a Family Combination Automobile Policy. A certified copy of this policy was filed in the record herein, and according to law, should be considered, in reaching a decision upon the motion for summary judgment. Under Item 4 of this policy, entitled “Description of Owned Automobile or Trailer” appears the description of the 1958 Ford tudor sedan. Under Item 5 of the policy appears the wording “The total number of private passenger, farm and utility automobiles owned on the effective date of this policy by the named insured does not exceed the number of such automobiles described in Item 4.” The named insured of this policy is Willie Earl Reed. Under the definitions of the policy appears the following wording:
“ 'Owned automobile’ means (a) a private passenger, farm or utility automobile described in the policy, (b) a trailer owned by the named insured, provided with respect to Part III it is described in the policy, (c) a private passenger, farm or utility automobile ownership of any of which is acquired by the named insured during the policy period, provided (1) it replaces a described automobile, or (2) the company insures all private automobiles, farm automobiles and utility automobiles owned by the named insured on the date of such acquisition and the named insured notifies the company within thirty (30) days following the date, (d) * * * ”. (Emphasis supplied.)
This policy of insurance forms the contract which was entered into between Willie Earl Reed, as the insured, and Casualty Reciprocal Exchange, as the insurer. Based upon the clear wording of this policy, the relevant portions of which are quoted above, we feel that the Lower Court was correct in holding that the insurance contract did not cover the 1954 Chevrolet which was involved in the accident.
In its brief to this Court the petitioner claims that there is a material fact in question regarding the ownership of the automobile which was driven by young Reed at the time of the accident. However in the petition is set forth the allegation that Willie Earl Reed was the owner of the vehicle driven by young Reed at the time of the accident. The facts show that there was no policy issued by the defendant.insurance company in the name of Henry Earl Reed, and, even though it were shown that he owned the vehicle at the time of the accident, the Casualty Reciprocal Exchange would not be a proper party defendant.
For the reasons hereinabove assigned the judgment of the Lower Court will be affirmed, all costs of this appeal to be paid by petitioner.
Judgment affirmed.