CULPEPPER, Judge.
This is a suit to recover for physical’ damages to an automobile under the collision feature of a family automobile policy.. After trial on the merits the district judge-held for defendant. Plaintiff appeals.
The only issue is whether the policy afforded collision coverage to this automobile which was acquired by the named insured' during the policy period.
The facts show that under a policy dated September 16, 1962 the defendant, -Government Employees Insurance Company, insured the only two cars owned by plaintiff. One, a 1955 Chevrolet, was insured for liability, medical payments and comprehensive fire, theft, etc., but no collision. The other car, a 1959 Chevrolet, was provided with the same coverage, plus $50 deductible collision.
On July 27, 1963, which was during the policy period, plaintiff purchased a 1963 *416 Chevrolet and at the same time traded in thereon the 1955 Chevrolet described in the policy.
On July 31, 1963 the new 1963 Chevrolet was damaged by collision to the extent of $1,815.75, which amount was stipulated.
The day after the accident plaintiff notified Wilkins Claim Service, the claims representative of defendant for this particular area, as listed in “a little book” furnished to plaintiff by defendant. All of the pertinent facts were given to the adjuster. About three weeks later plaintiff was advised that the claim was denied for lack of coverage under the policy.
The pertinent parts of the insurance policy are as follows:
“Part III — Physical Damage
“Coverage E-Collision: To pay for loss caused by collision to the owned automobile * * *
“Definitions: The definition of * * ■‘owned automobile’ * * * in Part I apply to Part III and under Part III:
“Part I — Liability
“Definitions: Under Part I:
íjí ⅜ ⅜ ⅝ ⅝ ⅜
“ ‘owned automobile’ means
“(a) a private passenger, farm or utility automobile described in the policy,
“(b) a trailer owned by the named insured, * * *
“(c) a private passenger, farm or utility automobile or, with respect to Part III — Physical Damage, a trailer, ownership of any of which is acquired by the named insured during the policy period, provided
“(1) it replaces a described automobile or trailer, or
“(2) The company insures all private passenger, farm or utility automobiles or trailers owned by the named insured on the date of such acquisition and the named insured notifies the company within 30 days following such date;
and includes a temporary substitute automobile.”
“Conditions
“4. Two or more automobiles — Parts I, II and III: when two or more automobiles are insured hereunder the terms of this policy shall apply separately to each, * *
Plaintiff points out that proviso (1) and proviso (2) of paragraph (c) of Part I quoted above, are separated by the disjunctive “or”. Under this alternative language plaintiff contends the newly acquired 1963 Chevrolet was not only a replacement vehicle but in addition fell into the category of proviso (2), i. e., here the company insured all automobiles owned by.the named insured on the date of the acquisition of the new car. Plaintiff correctly points out that the policy does not expressly state what coverage will be afforded a car acquired during the policy period in a situation like the present where two cars are described in the policy and they have different coverages. In the absence of any such provisions for the type of coverage afforded a newly acquired car, plaintiff argues the full coverage as to either vehicle must be allowed.
On the other hand, defendant contends that under the definition “owned automobile” as quoted above from Part I of the policy, the intent of the language is as follows : Definition (a) simply covers a car described in the policy and is inapplicable here. Definition (c) refers to a car not named in the policy but acquired after its issuance. This section deals with three types of automobiles: (1) A replacement automobile; (2) An additional automobile (We note here that actually the policy does not use the word “additional”), and (3) a temporary substitute automobile.
Defendant points out that coverage of a replacement automobile is automatic, no *417 notice to the company being required. It argues that if we consider the provision under “Conditions” Section 4 as quoted above, where two or more automobiles are insured, as producing the effect of a separate policy on each car, then the coverage on the replacement car would not require notice and would have to be the same as the coverage on the car which was replaced.
Defendant argues that as to an additional car, coverage is automatic for 30 days, but if no notice is given within this period, coverage terminates on an additional car at the end of the 30 days. (We note the policy does not say what kind of coverage such an additional car would have in a situation like the present.)
Thus, defendant argues that under the provisions of the policy a car acquired during the policy period must be either a replacement automobile or an additional automobile but that it cannot be both. And, in this case it was only a replacement, on which coverage is the same as the car replaced.
Keeping in mind these two contradictory interpretations of the policy, let us look for a moment at the case of Collard v. Globe Indemnity Co., 50 So.2d 838 (1st Cir.App.1951) which quotes the pertinent policy language that was apparently standard in Louisiana policies written at the time, before the revision to the present language concerning coverage for newly acquired automobiles :
“‘(a) if it replaces an automobile described in this policy, but only to the extent the insurance is applicable to the replaced automobile, or (b) if it is an additional automobile and if the company insures all automobiles owned by the named insured at such delivery date, but only to the extent the insurance is applicable to all such previously owned automobiles’ ” (Emphasis added)
It is at once apparent that the language used in the previous policies was very clear. It used the words “additional automobile” and it stated clearly what the coverage would be as to both a replacement car and an additional car. We cannot help but wonder why the insurers removed this very precise language from the policies if they did not intend to enlarge the coverage. Of course the policy contains the usual provision for adjustment of premiums on a newly acquired car.
 Plaintiff argues that the language of the present policy is clear and affords him coverage. However, even if we were to assume that the language is not clear, we think that without question it is reasonably susceptible to the construction urged by plaintiff. Under these circumstances, the jurisprudence of Louisiana is well established that in case of ambiguity or doubt as to its meaning, a contract of insurance is construed in favor of the insured and against the insurer who drew the policy and is responsible for the language employed therein. See the recent case of Lincombe v. State Farm Mutual Automobile Ins. Co., 166 So.2d 920 (3rd Cir.App.1964) and cases cited therein.
On appeal plaintiff has also asked that he be awarded penalties and attorneys fees. Under all of the circumstances, we do not think defendant was aribitrary or capricious in its refusal to pay plaintiff’s claim. Therefore, penalties and attorneys fees are denied.
For the reasons assigned, the judgment appealed is reversed and set aside. It is now ordered, adjudged and decreed that there be judgment herein in favor of the plaintiffs, Haston P. Collins, and his wife, Vera Collins, and against the defendant, Government Employees Insurance Company, in the full sum of $1,815.75, together with interest thereon at the legal rate from date of judicial demand until paid, and for all costs, both in the lower court and on appeal.
Reversed and rendered.