200 So.2d 303 (1967)
John HARTZOG
v.
Robert L. EUBANKS et al.
No. 7065.
Court of Appeal of Louisiana, First Circuit.
May 29, 1967.
Rehearing Denied June 30, 1967.
*304 John W. Anthony of Talley, Anthony, Hughes & Knight, Bogalusa, for appellants.
Hillary J. Crain of Seal, Lee & Crain, Bogalusa, France W. Watts, III, of Watts & Watts, Franklinton, John N. Gallaspy of Richardson & Gallaspy, Bogalusa, for appellee.
Before LOTTINGER, SARTAIN and REID, JJ.
LOTTINGER, Judge.
This is a suit for damages ex delicto filed by John Hartzog, as petitioner, against Robert L. Eubanks and Reliance Insurance Company, hereinafter referred to as Reliance, as defendants. The claim against Reliance was by virtue of its uninsured motorists protection coverage afforded in a policy issued to the City of Bogalusa on an automobile in which petitioner was riding as a guest passenger. Defendant, Robert L. Eubanks, filed an answer denying liability, and filed a third party petition against Reliance as well as Dale Freeman, the operator of the vehicle in which the petitioner was riding. Defendant Eubanks further third-partied the Employers Fire Insurance Company, hereinafter referred to as Employers, alleging that the vehicle which he was driving at the time of the accident was covered by a family automobile combination policy of insurance issued by Employers.
Reliance answered the suit seeking a credit against petitioner, Hartzog, for any workmen's compensation benefits paid him by the said insurance company, and filed a third party demand against defendant, Eubanks, in the event Reliance should be held obligated under the uninsured motorists clause of its policy. Reliance further intervened against defendant. Eubanks, seeking the sum of $1,064.90, which it had paid to the City of Bogalusa under its policy of collision insurance. The Lower Court rendered a judgment against the respective defendants and against petitioner, dismissing petitioner's demands at his cost, and further dismissing all third party and incidental pleadings. The petitioner, John Hartzog, has appealed. An appeal has also been taken by defendant, Robert L. Eubanks.
The accident in question occurred on February 6, 1965, at approximately 9:00 o'clock p. m. in the City of Bogalusa, Louisiana. Prior to the accident petitioner, who was then a police officer in the City of Bogalusa, was riding in the right *305 front seat, as a passenger in a police vehicle being driven by Arthur Freeman. These two police officers were proceeding in a southerly direction on South Columbia Road at some 10 to 15 miles per hour when they observed a young hitch-hiker standing on the right-hand side of the street. Arthur Freeman stopped the car so that the petitioner, who was sitting to his right, could question this hitch-hiker.
South Columbia Road is a two laned thoroughfare proceeding in a northerly and southerly direction, having one lane for traffic proceeding northerly and one lane for traffic proceeding southerly. The police vehicle, which had been proceeding in a southerly direction, came to a stop in the southbound lane of traffic, a distance of some 327 feet south of the traffic signal light located at the intersection of Columbia Road with Long Avenue. It had been raining and the black-topped roadway was wet, however, the rainfall had ceased at this time. After the petitioner had interrogated the young hitch-hiker for some two or three minutes, he told him to enter the rear seat of the car. Just as the hitch-hiker attempted to open the rear door to get into the police vehicle, said vehicle was violently struck from the rear by the automobile owned and operated by defendant Eubanks, thus causing the injuries of which petitioner claims.
The record discloses that the defendant Eubanks and his passenger, J. L. Baggett, had been together for a period of some 45 minutes prior to the accident. During this period of time, they had stopped and purchased a half pint bottle of whiskey and each had two drinks from the bottle. As they proceeded southerly along South Columbia Road, shortly prior to the accident, they stopped briefly for a red light at the intersection of Long Avenue. Both Eubanks and his passenger testified that they saw the police vehicle, or the tail lights thereof, just as they proceeded under the traffic light. Eubanks testified that he continued to watch the tail lights of the vehicle until the time of impact. His passenger, Baggett, testified that he realized that the police vehicle was stopped when they were approximately half the distance between the signal light and the stopped vehicle, at which time he called out to Eubanks and that Eubanks then started to stop his vehicle. Eubanks, however, contends that he had accelerated his vehicle to a speed of some 25 to 30 miles per hour after passing the traffic signal light, and that he did not notice that the police vehicle was stopped until he had reached a point of approximately 55 feet to the rear of the stopped vehicle. At this point, he stated that he forcefully applied his brakes, however, due to the wet black-topped road surface, the brakes were of little effect. Subsequent to the impact, the police vehicle came to rest some 90 feet south of where it was stopped on South Columbia Road.
The defendant contends that the petitioner was on a joint venture with the driver of the police vehicle. Accordingly, he claims negligence on the petitioner's part for the failure of the driver of the police vehicle to either pull off of the travelled portion of the roadway, or to put on the blinker light situated on the top of the car and to get out and warn approaching traffic of the stopped automobile on the roadway. In support of his claim, the defendant has cited Article 4, Section 21-78 of the Code of Ordinances of the City of Bogalusa, Louisiana, which provides, in part, as follows:
"Except in an emergency or for the purpose of allowing another vehicle or pedestrian to cross, no vehicle shall be permitted to stop in any street or public way other than in designated parking spaces near the curve."
He also cited, among others, the case of Dixie Drive it Yourself System New Orleans Co. v. American Beverage Company, 242 La. 471, 137 So.2d 298.
The Lower Court held both drivers to be negligent. Negligence on the part of the operator of the police vehicle was found by the Lower Court under the doctrine as *306 set forth in the Dixie case. The Court then imputed the negligence of the driver to his passenger, petitioner herein, because of the fact that, as stated in its written reasons, "* * * the plaintiff exercised as much control under the operation of the vehicle in which he was riding as did the driver, and therefore did not enjoy the status of guest passenger."
The question of last-clear-chance was not argued by the parties before the Lower Court. As a matter of fact it was not presented until oral argument before this Court. We believe that the doctrine of last-clear-chance is of paramount importance in the decision of this case. Although the driver of the police vehicle was clearly negligent in stopping on the travelled portion of the roadway, some two or three minutes of time had elapsed between his coming to a stop and the impact, during which time the defendant had ample opportunity to notice the perilous position of the police vehicle and to avoid the accident. During this two or three minute interval, Eubanks travelled a distance in excess of 300 feet during which time he admitted that he noticed the tail lights of the police vehicle, and continued to notice said tail lights, although he took no step to avoid the accident until he was only 50 feet away.
Furthermore, there is nothing in the record to show that any oncoming traffic was approaching from the north. Thus, had defendant been keeping a proper lookout, under the circumstances, he would have noticed the stopped vehicle either in time to come to a stop before the impact, or to turn to his left to pass the stopped vehicle. The fact that his brakes were of no value because of the wet condition of the road, is no excuse, as, under such conditions, it was encumbered upon him to drive slower and more cautiously.
Although the plea of last-clear-chance was not made in the Lower Court, or until a rather belated stage of this proceeding, the settled jurisprudence of this state is that said doctrine may be invoked by the Court when justified by the evidence. McCarthy v. Blair, La.App., 122 So.2d 837.
With regard to this doctrine the Court in Evans v. Thorpe, La.App., 175 So.2d 418, 419, said:
"The last-clear-chance doctrine is a humanitarian doctrine of discovered peril based on the principle that no one having an opportunity to avoid injury to another, after becoming aware of such person's perilous position, or by the exercise of due diligence could and should have become aware thereof, may negligently injure him though he is at fault. Stated as to motorists, the rule is that, where a motorist sees or, by the exercise of due diligence, could and should have seen a person in a position of peril, of which such person is not aware or is unable to extricate himself, the duty devolves upon the motorist to use every possible available means to avert injury, notwithstanding the negligence of such person; and, if the motorist fails to perform such duty, the last-clear-chance doctrine applies, even though the person's negligence continues to the moment of the occurrence of the accident. Jackson v. Cook, supra [189 La. 860, 181 So. 195]."
We believe that the application of this doctrine is particularly applicable to the facts which have been presented in this case.
As we have stated previously, the defendant has cited, in support of its contention, Dixie Drive it Yourself System New Orleans Co. v. American Beverage Company, (supra). In that case negligence was found upon the part of the driver of the stopped vehicle because of his failure to place signal flags in front of and behind his truck, according to the provisions of RS 32:442. The said statute prohibits a driver of any vehicle from stopping it on the main travelled portion of a highway, outside of a business or residential district, *307 when it is practical to park it off the main travelled portion of said highway. It also imposes a duty upon such person to place signal flares or lights thereon to notify approaching motorists. Such statute does not apply to the present case, as it specifically excludes from its provisions any business or residential district. Although we do believe that the driver of the police vehicle, and possibly his passenger, the petitioner herein, were negligent in violating the provisions of the ordinance of the City of Bogalusa, such negligence was passive at the time of the accident, and under the provisions of the last-clear-chance doctrine they are, therefore, exonerated from such negligence.
At the time of the accident, defendant Eubanks owned a 1961 model Chevrolet automobile which was described in a policy of insurance issued by Employers. When the policy was issued, Mr. Eubanks also owned a 1957 Ford automobile which was not insured by Employers. This Ford automobile, which was not listed in the policy, was traded in on the 1959 Chevrolet automobile which was involved in the accident some ten days prior to the accident.
The insurance policy provided:
"* * * OWNED AUTOMOBILE means * * * (c) a private passenger, farm or utility automobile ownership of which is acquired by the named insured during the policy period, provided * * * (2) the company insures all private passenger, farm, and utility automobiles owned by the named insured on the date of such acquisition and the named insured notifies the company during the policy period or within thirty days after the date of such acquisition of his election to make this and no other policy issued by the company applicable to such automobile. * * *" (Italics ours.)
Counsel for Mr. Eubanks takes the unique position that the 1959 Chevrolet which was involved in the accident is covered by the policy covering the 1961 Chevrolet because Mr. Eubanks, upon relinquishing ownership of the 1957 Ford simultaneously acquired the 1959 Chevrolet and thus, Employers did in fact for one instant during the transfer insure all private passenger automobiles owned by him within the meaning of the policy.
There is no question that within the thirty day period defendant Eubanks did notify Employers of his desire to have this automobile included on the existing policy. However, we do not believe that under the terms of the policy issued on the 1961 Chevrolet automobile, the 1959 Chevrolet could be included because on the date of acquisition of the latter automobile the company did not insure all private passenger automobiles owned by the named insured. The newly acquired vehicle did not replace the insured vehicle, and according to 7 Blashfield Law and Practice (3rd Edition) Section 316.4 at pages 661 and 662:
"Coverage of after acquired vehicles is automatically extended under some policy provisions where all automobiles owned by the policy holder have been insured by the Company on the date of delivery of the newly acquired vehicle. For automatic coverage of newly acquired automobiles to arise under such a provision, it is a condition precedent that all of insured's be covered by the Insurance Company at the time the newly acquired vehicle is delivered. Such provisions are sometimes spoken of as `blanket' or `fleet' insurance provisions and deal with vehicles added to already insured automobiles."
In our opinion, therefore, the automobile driven by defendant at the time of the accident was not insured by Employers. A similar contention was rejected in Altazan v. Reed, La.App., 154 So.2d 610.
Although defendant Eubanks was not an insured under the provisions of the *308 insurance policy issued by Employers, he did, however, become an insured under the uninsured motorists provision of the policy issued by Reliance to the City of Bogalusa. Therefore, both Eubanks and Reliance will be cast in judgment in favor of the petitioner herein.
We find no appeal nor answer to appeal filed by Reliance in the record before us. Therefore, under the provisions of Article 2133 of the Louisiana Code of Civil Procedure and the cases cited thereunder, we are unable to modify the judgment of the Lower Court in favor of said insurer.
As a result of the accident, the petitioner sustained a cervical strain and a lumbo-sacral strain as well as an injury to his thoracic spine. At the time of the said accident, the City of Bogalusa was having difficulties with racial agitators and the Police Department needed every available man for working overtime. For this reason, petitioner performed his work in the normal course of his duties without taking time off for his injuries. He was not hospitalized, however, he testified that he worked every day in a great amount of pain as a result of the injuries received. He saw his physician on six occasions, receiving diathermy treatment on three or four occasions. He was in a subsequent accident in which he was bodily thrown from a vehicle. Some of his complaints stemmed from this second accident.
The medical bills amount to $202.50. The expert fee for Dr. Scoggins is in the sum of $75.00. Under the circumstances of this case, we feel that the sum of $2,500.00 would adequately compensate the petitioner for his pain and suffering.
For the reasons hereinabove assigned, the judgment of the Lower Court is reversed so as to grant a judgment in favor of petitioner, John Hartzog, and against defendant, Robert L. Eubanks and the Reliance Insurance Company, jointly and severally, in the full sum of $2,702.50, with legal interest thereon from date of judicial demand and until paid. All other demands are dismissed. All costs of this appeal shall be paid by defendants.
Judgment reversed.