BAILES, Judge Pro Tern.
Plaintiff appeals the district court judgment sustaining the motion for summary judgment filed by State Farm Mutual Automobile Insurance Company (State Farm), one of the defendants herein. On our finding that the judgment appealed is correct, we affirm.
This tort action was filed by plaintiff against Richard I. Scott to recover damages allegedly resulting from the collision on February 6, 1972, between plaintiff’s vehicle and a 1966 Ford automobile of defendant, Scott. State Farm was made a defendant through the allegations of Articles 15 and 16 of plaintiff’s petition, which we quote, as follows:
“15.
“Petitioner is informed and believes and therefore alleges that on and before the date of collision complained of herein, defendant State Farm Mutual Automobile Insurance Company had issued to defendant Richard I. Scott an automobile liability policy which by its provisions and the laws of this State, afforded coverage as to the vehicles owned by defendant Scott, including the one involved in the accident complained of herein, protecting defendant against liability as a result of any accident occasioned by the negligence in operation of said automobile, particularly the one described herein and that at the time of the collision, the policy was in full force and effect by virtue of the payment of premiums and otherwise.
“16.
“Under the laws of the State of Louisiana and under the terms and provisions of said insurance policy, petitioner has a direct cause of action against defendant insurer State Farm Mutual Automobile Insurance Company.”
State Farm filed a motion for summary judgment under the provisions of LSA-C. C.P. Article 966 on the ground that the plaintiff’s pleadings and the affidavit of the defendant, Richard I. Scott, which was attached to the motion, there is no genuine issue as to a material fact, and accordingly, State Farm is entitled to judgment in its favor as a matter of law.
No countervailing affidavit was filed by the plaintiff.
*879 The following uncontroverted facts are established by defendant Scott’s affidavit which states: '
“1.
“On February 6, 1972, and prior thereto, he was the owner of a 1970 Ford automobile insured by State Farm Mutual Automobile Insurance Company under Policy Number 0695951-B21-18A with a policy period from August 21, 1971 to February 21, 1972.
“2.
“The vehicle driven by Affiant that was involved in this accident was a 1966 Ford bearing 1972-1973 License #4X617.
“3.
“On November 19, 1971 he purchased the said 1966 Ford automobile, and in connection with the purchase of said 1966 Ford he traded in a 1963 Chevrolet, which he had owned for approximately three and one-half years prior to November 19, 1971.
“4.
“The 1963 Chevrolet was uninsured on November 19, 1971, at the time it was traded in connection with the acquisition of the 1966 Ford, and, in fact, the 1963 Chevrolet was never listed as a described vehicle on any policy issued by State Farm Mutual Automobile Insurance Company.
“5.
“He never reported acquisition of the 1966 Ford to State Farm Mutual Automobile Insurance Company during the policy period mentioned in Article 1 above, and he never requested to State Farm Mutual Automobile Insurance Company that any insurance coverage be extended on the 1966 Ford.”
On these facts, the trial court determined that State Farm was not the insurer of the 1966 Ford automobile owned by Scott. As a result of this finding, State Farm was dismissed as a party-defendant herein.
Plaintiff’s single specification of error on this appeal is this holding of the trial court.
The part of the policy of insurance issued by State Farm to Scott pertinent to this litigation reads, as follows :
“Definitions Under Part 1:
“ * * *
‘owned automobile’ means
(a) a private passenger, farm or utility automobile described in this policy for which a specific premium charge indicates that coverage is afforded.
(b) a trailer owned by the named insured.
(c) a private passenger, farm or utility automobile ownership of which is acquired by the named insured during the policy period, provided
(1) it replaces an owned automobile as defined in (a) above, or
(2) the company insures all private passenger, farm and utility automobiles owned by the named insured on the date of such acquisition and the named insured notifies the company during the policy period or within 30 days after the date of such acquisition of his election to make this and no other policy issued by the company applicable to such automobile, or
“ j{< *
Appellant argues that the pivotal issue is whether State Farm insured “all private passenger * * * automobiles owned by defendant Scott on the date of the acquisition of the 1966 Ford vehicle.” The substance of his argument is that, although admittedly State Farm did not insure the 1963 Chevrolet car traded by Scott in the purchase of the 1966 Ford car, at a point *880 in time in the transaction defendant Scott owned only the 1970 Ford car which was admittedly insured by State Farm; that under this state of fact and the holding of the court in Conner v. Motors Insurance Corporation, 216 So.2d 555 (La.App. 3rd Cir. 1968), and Collins v. Government Employees Ins. Co., 168 So.2d 415 (La.App. 3rd Cir. 1964), the 1966 Ford was insured by State Farm.
The court in the Conner’s case stated 216 So.2d on page 557:
“The trial court thus felt that the automatic coverage conditioned upon the company insuring all vehicles owned on the ‘date’ of the acquisition, .referred to the company’s insuring all vehicles at the particular point of time at which the transaction occurred, rather than during the entire calendar day on which the transaction occurred. On the other hand, the defendant insurer’s counsel argues that, by the literal terms of the policy, the company did not insure all of the vehicles owned by Conner on the date (March 31st) he acquired the sports coupe, because for a portion of that calendar day (i. e., prior to the trade-in) Conner owned an uninsured vehicle.
“[1] We agree with the trial court that the latter type of technical interpretation should not apply. In the first place, a prime meaning of ‘date’ is ‘the time at which an event occurs’ or ‘a given point of time’, not (as appellant suggests) the calender day on which it occurs. Webster’s New International Dictionary, verbo ‘date’ (3rd ed. 1961); Webster’s Seventh New Collegiate Dictionary, verbo ‘date’ (1961).
* * * * * *
“[4] We therefore are not persuaded by the defendant-appellant’s skillful argument that the' automatic insurance clause does not apply because earlier on the same calendar day (‘date’) of acquisition Conner did own an uninsured automobile (the subsequently traded 1963 Bel Air), so therefore the policy condition was not met that all of his other vehicles be insured by the defendant on the ‘date of acquisition’ of a new automobile. We find the better meaning of the clause to be that the automatic coverage does apply under the present circumstances, because at the time the new automobile was acquired, Conner did not own any uninsured automobile because, at this time (‘date’) of acquisition, he no longer owned any uninsured vehicle (i. e., having exchanged his only uninsured car simultaneously with his acquisition of the new automobile).
“In Collins v. Government Employees Insurance Company, La.App. 3d Cir., 168 So.2d 415, this court interpreted the automatic insurance clause somewhat similarly. Although other issues were involved, essentially we approved a construction by which a newly acquired automobile was considered covered under the clause even though an uninsured automobile had been simultaneously traded for it.
“In the Collins case, the insurer had issued liability insurance on both of the plaintiff’s automobiles, but had only issued collision coverage upon one. The vehicle without collision insurance was traded in on a different automobile. This new automobile was involved in an accident before the expiration of the notification period. This court held that the newly acquired automobile was covered by collision insurance through, inter alia, the operation of a clause similar to the one presently at issue. The rationale of the decision was that all ambiguities must be decided against the insurer, which had drafted the policy and which could have excluded clearly the coverage had it so desired. See Lincombe v. State Farm Mutual Automobile Ins. Co., La. App. 3d Cir., 166 So.2d 920, and cases cited therein.”
Our interpretation of this clause defining “owned automobile” and the application of the automatic coverage clause is *881 opposite to that set forth above of the Third Circuit.
Our different and opposite view is set forth in Hartzog v. Eubanks, 200 So.2d 303 (La.App. 1st Cir. 1967), certiorari denied, 251 La. 45, 50, 202 So.2d 656, 658. The view we held to in Hartzog followed our holding in Altazan v. Reed, 154 So.2d 610 (La.App. 1st Cir. 1964).
We believe and hold to the view that a practical and common sense interpretation of the above quoted clause of the policy, which provides automatic coverage to a newly acquired vehicle if the company insures all private passenger automobiles owned by the named insured on the date of such acquisition provided insured notifies the insurer within 30 days after the date of such acquisition of his election to make this and no other policy issued by the company applicable to such automobile, requires us to hold that the 1966 Ford vehicle of defendant Scott was not insured under the policy that covered his 1970 Ford car.
The policy never at any time afforded coverage of the 1963 Chevrolet automobile and obviously State Farm did not insure all private passenger automobiles owned by the named insured, Scott.
To follow this approach, we would have to conclude that at a given point in time no one owned the 1963 Ford car, and if so, what happened to cause ownership to vest in its new owner.
It is fictional to hold that in the trading of one automobile on the purchase of another automobile at one point in time you owned no automobile, or if, as in the instant case, the defendant Scott owned two automobiles, one of which was insured and the other not insured, upon the trading or exchanging of the uninsured vehicle for another automobile, at some point in time the insured owned only the one insured vehicle. We are convinced that a reasonable application of the facts herein to the policy provisions requires us to hold that the 1966 Ford automobile operated by Richard I. Scott, defendant herein, was uninsured on February 6, 1972, when it was allegedly involved in collision with plaintiff’s vehicle.
For these reasons, we find no manifest error in the judgment of the trial court dismissing plaintiff’s suit against defendant, State Farm Mutual Automobile Insurance Company. All court costs to be paid by plaintiff-appellant.
Affirmed.