373 So.2d 797 (1979)
AETNA CASUALTY AND SURETY COMPANY
v.
Carl STEELE.
No. 51313.
Supreme Court of Mississippi.
July 25, 1979.
*798 Bryant & Stennis, Roger T. Clark, Gulfport, for appellant.
Cumbest & Cumbest, John L. Hunter, Pascagoula, for appellee.
Before ROBERTSON, P.J., and BROOM and LEE, JJ.
LEE, Justice, for the Court:
Carl Steele filed suit in the Circuit Court of Jackson County against Aetna Casualty and Surety Company of Hartford, Connecticut [Aetna] and A.D. Brantley, d/b/a Barr Insurance Company, for actual damages, resulting from loss of a pickup truck alleged to be covered by collision insurance, and for punitive damages because of refusal to pay insurance coverage. The case was tried before Honorable B.J. Landrum, special judge, sitting without a jury. At the conclusion of the plaintiff's case, A.D. Brantley was discharged, on motion for directed verdict, and at the conclusion of all the evidence, the trial judge entered judgment for Steele against Aetna in the sum of thirty-one hundred dollars ($3,100.00), agreed value of the truck, twenty-five hundred sixty dollars ($2,560.00), attorney's fees, and thirty-five thousand dollars ($35,000), punitive damages. Aetna appeals from the judgment.

I.
Did the trial court err in holding that the policy of insurance provided collision coverage for the wrecked truck of appellee?
Appellee had in force a policy of insurance covering three (3) vehicles owned by him. A 1971 Chevrolet El Camino and a 1972 Ford LTD were covered with liability insurance. A 1975 Datsun station wagon was covered with both liability and collision insurance.
Late in the afternoon on Friday, September 23, 1977, appellee purchased a 1975 Ford pickup truck from Sellers Auto Sales in Lucedale. Steele immediately telephoned his insurance agent to notify him of the purchase, but the agency was closed. That night, he wrecked the truck which resulted in a total loss to it.
On the following Monday, appellee informed Sellers Auto Sales of the accident. Mr. Sellers telephoned A.D. Brantley at Barr Insurance Agency and advised him of the sale and wreck, and told him that there had been a trade-in on the 1975 pickup truck (there had not been). A report of the purchase and accident was forwarded by Brantley to the local manager for Aetna, and she subsequently sent it to her superior, *799 who had authority to allow or disallow all type claims in the district. Finally, Aetna denied the claim on the ground that the pickup truck was not covered under the policy.
Part I of the policy provides liability, medical payments and uninsured motorist coverage, and states the following definitions:
"LIABILITY COVERAGE
* * * * * *
Under the liability coverage:
* * * * * *
`Owned automobile' means
(a) a private passenger, farm or utility automobile described in this policy for which a specific premium charge indicates that coverage is afforded,
(b) a trailer owned by the named Insured,
(c) a private passenger, farm or utility automobile ownership of which is acquired by the named Insured during the policy period, provided
(1) it replaces an owned automobile as defined in (a) above, or
(2) the Company insures all private passenger, farm and utility automobiles owned by the named Insured on the date of such acquisition and the named Insured notifies the Company during the policy period or within 30 days after the date of such acquisition of his election to make this and no other policy issued by the Company applicable to such automobile, or
(d) a temporary substitute automobile; ..." (Emphasis added)
Part II of the policy provides for physical damage and states the following definitions:
"Definitions

The definitions of `named Insured,' `relative,' `temporary substitute automobile,' `private passenger automobile,' `farm automobile,' `utility automobile,'. . `owned automobile' does not include, under Part II, (1) a trailer owned by the named insured ..."
The appellant contends that Part I and Part II of the policy actually consist of two (2) policies and that all vehicles were required to be covered by physical damage insurance in order for there to be coverage on the pickup truck. Under the same reasoning, had liability accrued against Steele on account of the collision and one vehicle had not been covered by liability insurance, appellant's position would be there was no liability coverage on the newly-acquired vehicle. In such situations, the policy would be practically meaningless as to any type coverage on a newly-acquired vehicle.
The applicable part of the policy applying to the situation here is Subsection (c)(2), which simply and clearly states the following:
"`Owned automobile' means
* * * * * *
(c) a private passenger, farm or utility automobile ownership of which is acquired by the named Insured during the policy period, provided
* * * * * *
(2) the Company insures all private passenger, farm and utility automobiles owned by the named Insured on the date of such acquisition and the named Insured notifies the Company during the policy period or within 30 days after the date of such acquisition of his election to make this and no other policy issued by the Company applicable to such automobile, or . .."
If the provision of the policy is ambiguous, it should be construed most strongly against the insurer as stated in Peerless Insurance Co. v. St. Laurent, 247 Miss. 134, 141, 154 So.2d 135, 138 (1963) as follows:
"We are not unmindful of the rule that the provisions of an insurance policy, where ambiguous or uncertain, are to be construed most strongly against the insurer... . But this Court has held in many cases that, if the insurance contract is plain and unambiguous, it should be construed as written and like any other contract. [Citing Griffin v. Maryland Cas. Co., 213 Miss. 624, 57 So.2d 486 (1952), and other cases]."
*800 In Collins v. Government Employees Ins. Co., 168 So.2d 415 (La. App. 1964), the Louisiana Court had a similar factual situation (replaced vehicle instead of newly-acquired) and the same policy provisions for consideration. The plaintiff had two automobiles, one of which was covered by liability, medical payments, and comprehensive fire, theft, etc., but no collision. The other car was provided with the same coverage plus fifty-dollars ($50.00) deductible collision. Plaintiff traded in a 1955 Chevrolet and purchased a 1963 Chevrolet. The new automobile was damaged by collision four (4) days later, the insurer was notified the day after the accident, and coverage was denied. The plaintiff contended that the policy did not expressly state what coverage was effective, and that the policy provisions afforded full coverage on all insurance stated therein. The defendant contended that the policy should be interpreted as a separate policy on each of the vehicles and that there was no coverage on the 1963 Chevrolet. The Louisiana Court said:
"Plaintiff points out that proviso (1) and proviso (2) of paragraph (c) of Part I quoted above, are separated by the disjunctive `or.' Under this alternative language plaintiff contends the newly acquired 1963 Chevrolet was not only a replacement vehicle but in addition fell into the category of proviso (2), i.e., here the company insured all automobiles owned by the named insured on the date of the acquisition of the new car. Plaintiff correctly points out that the policy does not expressly state what coverage will be afforded a car acquired during the policy period in a situation like the present where two cars are described in the policy and they have different coverages. In the absence of any such provisions for the type of coverage afforded a newly acquired car plaintiff argues the full coverage as to either vehicle must be allowed.
On the other hand, defendant contends that under the definition `owned automobile' as quoted above from Part I of the policy, the intent of the language is as follows: Definition (a) simply covers a car described in the policy and is inapplicable here. Definition (c) refers to a car not named in the policy but acquired after its issuance. This section deals with three types of automobiles: (1) A replacement automobile; (2) An additional automobile (We note here that actually the policy does not use the word `additional'), and (3) a temporary substitute automobile.
* * * * * *
Defendant argues that as to an additional car, coverage is automatic for 30 days, but if no notice is given within this period, coverage terminates on an additional car at the end of the 30 days. (We note the policy does not say what kind of coverage such an additional car would have in a situation like the present.)
* * * * * *
Keeping in mind these two contradictory interpretations of the policy, let us look for a moment at the case of Collard v. Globe Indemnity Co., 50 So.2d 838 (1st Cir. App. 1951) which quotes the pertinent policy language that was apparently standard in Louisiana policies written at the time, before the revision to the present language concerning coverage for newly acquired automobiles:
`(a) if it replaces an automobile described in this policy, but only to the extent the insurance is applicable to the replaced automobile, of (b) if it is an additional automobile and if the company insures all automobiles owned by the named insured at such delivery date, but only to the extent to all such previously owned automobiles.' (Emphasis added)
It is at once apparent that the language used in the previous policies was very clear. It used the words `additional automobile' and it stated clearly what the coverage would be as to both a replacement car and an additional car. We cannot help but wonder why the insurers removed this very precise language from the policies if they did not intend to enlarge the coverage. Of course the policy *801 contains the usual provision for adjustment of premiums on a newly acquired car.
Plaintiff argues that the language of the present policy is clear and affords him coverage. However, even if we were to assume that the language is not clear, we think that without question it is reasonably susceptible to the construction urged by plaintiff. Under these circumstances, the jurisprudence of Louisiana is well established that in case of ambiguity or doubt as to its meaning, a contract of insurance is construed in favor of the insured and against the insurer who drew the policy and is responsible for the language employed therein. See the recent case of Lincombe v. State Farm Mutual Automobile Ins. Co., 166 So.2d 920 (3rd Cir. App. 1964) and cases cited therein." (Emphasis added) 168 So.2d at 416-417.
The appellant here, defining "owned automobile" under Part II of the policy, adopted the definition contained under Part I. It excepted under Part II "a trailer owned by the named Insured." Appellant could have limited coverage under Subsection (c)(2), it chose not to do so but enlarged the coverage by using the word "insures." The facts are uncontradicted that the newly-acquired pickup truck was a private passenger vehicle, purchased during the policy period, that appellant insured all vehicles owned by appellee, and that appellant was notified within thirty (30) days [three (3) days after the collision] that he desired the physical damage coverage.
We are of the opinion that the trial judge correctly found that the vehicle was covered as to physical damage under the provisions of the policy and that he properly entered judgment for appellee in the sum of $3,100.00.

II.
Did the court err in awarding appellee punitive damages and attorney's fees?
The rule in Mississippi is settled that punitive damages are not recoverable for a breach of contract unless such breach is attended by intentional wrong, insult, abuse, or such gross negligence that amounts to an independent tort. New Hampshire Insurance Co. v. Smith, 357 So.2d 119 (Miss. 1978). Attorney's fees are not recoverable as an element of damages unless the infliction of punitive damages is justified. Cooper v. United States Fidelity & Guaranty Co., 186 Miss. 116, 188 So. 6 (1939). If the appellant had a legitimate, allowable or arguable reason not to pay the claim of appellee, then punitive damages will not lie. Standard Life Ins. Co. v. Veal, 354 So.2d 239 (Miss. 1978); Lincoln National Life Ins. Co. v. Crews, 341 So.2d 1321 (Miss. 1977).
In the Louisiana case of Collins, supra, the Court further said:
"On appeal plaintiff has also asked that he be awarded penalties and attorneys fees. Under all of the circumstances, we do not think defendant was arbitrary or capricious in its refusal to pay plaintiff's claim. Therefore, penalties and attorneys fees are denied." 168 So.2d at 417.
As stated in Collins, referring to Collard v. Globe Indemnity Company, 50 So.2d 838 (1st Cir. App. 1951), wherein the standard policy limited coverage by the following phrase, "but only to the extent the insurance is applicable to all such previously owned automobiles," the coverage was clearly stated, and by deleting such phrase, it appears that companies intended to enlarge coverage.
Appellant contends that Subsection (c)(2) under the definition of an "owned automobile" establishes that there was no coverage for the pickup truck because appellee did not have physical damage coverage under Part II of the policy on all of his automobiles. It may be reasonably argued that definitions under the liability coverage Part I, Subsection (c)(2) insures all private passenger, farm and utility automobiles owned by the named insured which are covered by liability insurance and likewise it can be reasonably argued that definitions under the physical damage Part II insures all private passenger, farm and utility automobiles owned by the named insured which are *802 insured for physical damage. Therefore, we hold that there was an arguable reason not to pay the claim of appellee, and, under the rule and cases cited hereinabove, punitive damages and attorney's fees are not proper. The trial judge erroneously awarded such damages in favor of appellee.
We affirm the judgment of the trial judge in the amount of $3,100.00, actual damages, and reverse and enter judgment here in favor of appellant as to punitive damages and attorney's fees.
This case was considered by a conference of the justices en banc.
AFFIRMED IN PART, REVERSED AND RENDERED IN PART.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and COFER, JJ., concur.