375 So.2d 417 (1979)
The PAUL REVERE LIFE INSURANCE COMPANY
v.
Wilson F. PRINCE.
No. 51511.
Supreme Court of Mississippi.
October 3, 1979.
Jerry L. Yeager, Raleigh, for appellant.
Tullos & Tullos, Eugene C. Tullos, Raleigh, for appellee.
Before SMITH, LEE and BOWLING, JJ.
LEE, Justice, for the Court:
Wilson F. Prince (Prince) filed suit in the Circuit Court of Smith County against The Paul Revere Life Insurance Company (Paul Revere) for actual damages alleged to be due under an insurance policy and for punitive damages because of Paul Revere's refusal to pay the claim. The case was tried before Circuit Judge George B. Grubbs without a jury, and he entered judgment in favor of Prince in the amount of six hundred forty-two dollars fifty cents ($642.50), actual damages, and three thousand dollars ($3,000), punitive damages. Paul Revere appeals and assigns the following errors:
(1) The lower court erred in holding that appellee was entitled to recover from appellant the sum of seventy-five dollars ($75.00) each month for a period of fourteen (14) months under the terms of the provisions of the policy of insurance.
(2) The lower court erred in holding that the actions of the appellant, failing to make payments to the appellee, were arbitrary, unreasonable and capricious, and that appellee was entitled to recover punitive damages from the appellant.
(3) The lower court erred in failing to hold that the policy of insurance provided for only fourteen (14) months of disability in the aggregate in that full payment was made for fourteen (14) months of disability.
*418 (4) The lower court erred in rendering judgment against appellant in any sum whatsoever.
The case was tried on the pleadings with the stipulation that appellant had paid appellee fourteen (14) months of disability benefits, amounting to eleven hundred seventy-six dollars seventy-five cents ($1,176.75) (the claim here was for the sum of $75.00 per month disability benefits). It was also admitted that appellee had sustained an accidental injury within the definition of the policy.
The two questions presented by the assignment of errors are: (1) whether or not the lower court erred in ordering actual damages for appellee, and (2) whether or not the court erred in awarding punitive damages.
Both questions involve an interpretation and construction of two (2) distinct provisions of the policy. Under "Accident and Health Indemnities," total disability benefits accrued as follows:
"A. TOTAL DISABILITY FROM ACCIDENT. If such injuries result in continuous total disability requiring the regular and personal attendance of a licensed physician, the Company will pay during the continuance of such disability an indemnity of ____ Seventy-Five ____ Dollars per month, as hereinafter limited." (Emphasis added)
Under "Additional Agreements," Section (F), the policy further provided:
"F. The monthly indemnities provided by this policy, collectively, shall not cover periods of disability exceeding 14 months in the aggregate. Thereafter the insured may at his option continue the policy for its death and dismemberment benefits at thirty per cent of the premium initially charged for this policy, or cancel the same and receive from the Company the premium paid for any unexpired term hereunder. The term `total disability,' whenever used in this policy, shall mean inability to engage in any gainful occupation."
The last three words under Section (A) of the Total Disability Clause limit the length of paying disability indemnities, as thereafter provided.
Section (F), Additional Agreements, follows the wording of Section (A), Total Disability, by setting out that the monthly indemnity provided by the policy collectively shall not cover periods of disability exceeding fourteen (14) months in the aggregate. The word "collectively" clearly includes any disability period for which benefits are paid, whether one (1) month or three (3) months or five (5) months. The word "aggregate" plainly indicates that those periods of collective disability shall not exceed the aggregate of fourteen (14) months.
Section (F) further provides that the insured has the option, after the payment of the fourteen months disability benefits (which terminates that part of the policy), to maintain the policy in effect for its death and dismemberment benefits at a reduced premium, or to cancel the policy and receive the premium paid for any unexpired term thereunder.
The provision permitting the appellee to maintain the policy after expiration of the fourteen months disability for the purpose of obtaining death benefits and dismemberment benefits, and the option to cancel the policy and receive that part of the premium paid for any unexpired term further emphasize the limitation of fourteen months disability benefits.
In Aetna Casualty & Surety Co. v. Steele, 373 So.2d 797 (Miss. 1979), this Court quoted Peerless Insurance Co. v. St. Laurent, 247 Miss. 134, 141, 154 So.2d 135, 138 (1963) and said:
"We are not unmindful of the rule that the provisions of an insurance policy, where ambiguous or uncertain, are to be construed most strongly against the insurer... . But this Court has held in many cases that, if the insurance contract is plain and unambiguous, it should be construed as written and like any other contract. [Citing Griffin v. Maryland Cas. Co., 213 Miss. 624, 57 So.2d 486 (1952), and other cases]." 373 So.2d at 799.
*419 In our opinion, the provisions of the policy sub judice are plain and unambiguous, and they should be construed as written. The trial judge erred in holding that appellee was entitled to actual damages for periods in excess of fourteen (14) months disability and the judgment of the lower court is reversed and judgment is entered here for the appellant.
In view of this decision, it is not necessary to discuss the question of punitive damages.
REVERSED AND RENDERED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and COFER, JJ., concur.