CARLTON, J.,
for the Court:
¶ 1. Rita Kees Lambert, individually and as a personal representative of all heirs at law and wrongful-death beneficiaries of her son, Brian Michael Kees, filed a wrongful-death suit in Rankin County Circuit Court against A1 Ellis and John Does 1-10, alleging that Brian had suffered physical injuries and death as a result of Ellis’s gross negligence. The circuit judge assessed $75,000 in damages against Ellis. The circuit judge ultimately entered a final judgment finding that Ellis was not entitled to liability coverage under the homeowner’s insurance policy issued to him by Safeco Insurance Company of America (Safeco) for the $75,000 judgment entered against him as a result of Brian’s death. Lambert now appeals.
FACTS
¶ 2. On August 13, 2005, Brian and his father, Michael Kees, attended a swimming party at Ellis’s home in Brandon, Mississippi. Ellis and Michael were billiards teammates. Ellis claimed that at some point during the pool party, Michael went into Ellis’s home and stole money. Michael exited the house with Brian and hurried to his car. After concluding that Michael had stolen money from him, Ellis retrieved his pistol and followed Michael outside. As Michael exited the driveway, Ellis fired his pistol at Michael’s car, which Ellis claimed was an attempt to disable and stop the car. Ellis stated that he did not know that Brian was in the vehicle. One of the bullets ricocheted off of the pavement and hit Brian. Brian later died as a result of the gunshot wound.
¶ 3. Ellis was arrested and charged with Brian’s murder. Ellis pled guilty to the lesser charge of manslaughter by culpable negligence, and he was sentenced to a term of incarceration, house arrest, and probation.
¶ 4. On August 15, 2005, Lambert, individually and as a personal representative of all heirs at law and wrongful-death beneficiaries of Brian, filed a wrongful-death suit in the Rankin County Circuit Court against Ellis and John Does 1-10. Ellis answered and denied liability for damages. On May 22, 2008, the circuit court entered *1125 an agreed order permitting Safeco, Ellis’s homeowner’s insurance carrier, to intervene in the wrongful-death action.[1] On June 4, 2008, Safeco filed a complaint for declaratory judgment, asserting that Safe-co’s homeowner’s insurance policy did not provide Ellis with liability coverage or a defense or indemnification for any claims arising out of Lambert’s wrongful-death suit. Safeco then filed a motion for summary judgment. Following a hearing, the circuit court denied Safeco’s motion, finding genuine issues of material fact on the issue of coverage. Safeco filed an interlocutory appeal, which the Mississippi Supreme Court denied. Safeco then filed a motion for rehearing, which was also denied.
¶ 5. Lambert moved for partial summary judgment on the issue of Ellis’s liability, which the circuit court granted. The circuit court also entered an agreed order, assessing $75,000 in damages against Ellis. After a bench trial on the remaining issue of whether Safeco owed liability coverage to Ellis for Lambert’s $75,000 award of damages, the circuit court entered its judgment in favor of Safeco, finding that Ellis was not entitled to liability coverage under Safeco’s homeowner’s insurance policy. Lambert filed her appeal on January 28, 2011.
STANDARD OF REVIEW
¶ 6. Although Safeco states in its brief that the circuit court’s final judgment grants summary judgment, we find that the final judgment serves instead as a declaratory judgment, which dismissed the action after the circuit judge determined that Ellis was not entitled to liability eov-erage under Safeco’s homeowner’s insurance policy. We, however, note there is no indication in the circuit judge’s order of whether he granted summary judgment or a declaratory judgment. See Richardson v. Sara Lee Corp., 847 So.2d 821, 823 (¶ 5) (Miss.2003) (supreme court considered a similar situation where it was unclear what type of judgment the trial court entered). Nonetheless, on appeal we review both summary judgment and a declaratory judgment under a de novo standard of review. Albert v. Scott’s Truck Plaza, Inc., 978 So.2d 1264, 1266 (¶5) (Miss.2008); S. Carolina Ins. Co. v. Keymon, 974 So.2d 226, 229 (¶ 9) (Miss.2008). We further recognize that “[a] circuit court judge sitting without a jury is accorded the same deference with regard to his findings as a chancellor,” and his findings will not be reversed on appeal where they are supported by substantial, credible, and reasonable evidence. Maldonado v. Kelly, 768 So.2d 906, 908 (¶ 4) (Miss.2000) (citations omitted).
DISCUSSION
¶ 7. On appeal, Lambert argues that the circuit judge erred by finding that Ellis is not entitled to liability coverage under his homeowner’s insurance policy, issued by Safeco, for the $75,000 judgment entered against him as a result of Brian’s death. Specifically, she claims that the circuit judge erroneously determined that the policy provides no coverage because: (1) Ellis committed an illegal act; (2) Ellis intended to discharge the firearm in the direction of the vehicle, actions that were not accidental and not an “occurrence” as required *1126 under the policy; and (3) Ellis’s actions were intentional, thus barring coverage under the policy’s intentional acts exclusion.
¶ 8. We recognize that the interpretation of the language of an insurance policy is a question of law. Johnson v. Preferred Risk Auto. Ins. Co., 659 So.2d 866, 871 (Miss.1995). Under Mississippi law, when the words of an insurance policy are plain and unambiguous, the court will afford them their plain, ordinary meaning and will apply them as written. Paul Revere Life Ins. Co. v. Prince, 375 So.2d 417, 418 (Miss.1979). The Mississippi Supreme Court has stated that ambiguous and unclear policy language must be resolved in favor of the insured. Harrison v. Allstate Ins. Co., 662 So.2d 1092, 1094 (Miss.1995). Additionally, provisions that limit or exclude coverage are to be construed liberally in favor of the insured and strongly against the insurer. Nationwide Mut. Ins. Co. v. Garriga, 636 So.2d 658, 662 (Miss.1994).
¶ 9. In his final judgment on the issue of coverage, the circuit judge determined:
The uncontradicted evidence shows that ... Ellis knowingly and willfully discharged his weapon at the vehicle in which Brian ... was riding, evincing a depraved heart regardless of human life, and the evidence is uncontradicted and undisputed that ... Ellis in fact pled guilty to the crime of manslaughter by culpable negligence. It cannot be disputed by the parties that ... Ellis did in fact and in law commit a crime and thus an illegal act. Accordingly, the court finds that the death of Brian ... was caused by an illegal act committed by ... Ellis, and therefore, pursuant to the Illegal Acts Exclusion in the subject Safeco policy, Safeco does not owe liability insurance coverage to ... Ellis for the claims being made against him as a result of the death of Brian....
Although there is no proof that ... Ellis intended to harm or kill Brian ... personally, the undisputed evidence shows that ... Ellis did intend the act of shooting a firearm towards and at the vehicle in which Brian ... was riding. Because ... Ellis intended the act of shooting his gun and shooting it at the Kees’ vehicle, ... Ellis’[s] actions were not an accident and thus not an “occurrence” as required under the subject Safeco policy. As ... Ellis’[s] actions were not an “occurrence” and the death of Brian ... was not the result of an “occurrence,” Safeco does not owe liability coverage to ... Ellis under the terms and conditions of the insurance policy. This is in accordance with the [Mississippi] Supreme Court’s rulings in Allstate Insurance Company v. Moulton, 464 So.2d 507 (Miss.1985); and [United States Fidelity & Guaranty Company ] v. OmniBank, 812 So.2d 196 (Miss.2002). See also Rogers v. Allstate [Ins. Co.], 938 So.2d 871 (Miss.Ct.App. 2006).
For the same reasons set forth above, because the evidence shows that ... Ellis intentionally discharged his firearm at or towards the vehicle in which Brian ... was riding, the court finds that ... Ellis’[s] acts were intentional. Therefore, the court finds that the Intentional Acts Exclusion in the subject Safeco policy is applicable and that Safeco does not owe liability coverage under the subject policy to ... Ellis for the death of Brian.
¶ 10. Safeco asserts that the circuit judge properly concluded that the “illegal acts” exclusion in Ellis’s homeowner’s policy excludes coverage. The homeowner’s policy at issue, under the heading *1127 “Section II — Liability Coverage” states, in pertinent part:
1. Coverage E — Personal Liability and Coverage F — Medical Payments to Others do not apply to bodily injury or property damage:
a. which is expected or intended by any insured or which is the foreseeable result of an act or omission intended by any insured....
[[Image here]]
2. Coverage E — Personal Liability does not apply to:
a. Liability:
[[Image here]]
(4.) arising out of any illegal act committed by or at the direction of any insured.
¶ 11. Safeco asserts that the damages claimed by Lambert arose out of an illegal act committed by Ellis — discharging his firearm within the city limits, resulting in Brian’s death — thus excluding coverage under the policy. Safeco submits that there can be no dispute that Ellis committed an illegal act, citing to Ellis’s indictment for murder and Ellis’s subsequent guilty plea to manslaughter by culpable negligence.
¶ 12. Lambert, however, argues that although Ellis intended to discharge his firearm, the uncontradicted evidence establishes that he did not intend the consequences of his act — Brian’s death. Lambert cites to Southern Farm Bureau Casualty Insurance Co. v. Allard, 611 So.2d 966, 968 (Miss.1992), asserting that “an act is intentional if the actor desires to cause the consequences of his act, or believes that the consequences are substantially certain to result from it.” Lambert submits that an illegal act requires criminal intent, and she argues that the circuit judge found that no proof existed that Ellis intended to harm or kill Brian. Lambert also points out that Ellis pled guilty to manslaughter by culpable negligence, which she claims is not a specific-intent crime. Lambert thus claims that the record shows that Ellis lacked the requisite intent to commit an illegal act; therefore, the illegal-acts exclusion in the policy does not apply.
¶ 13. Safeco argues that the policy does not specify that coverage is excluded only if damages result from an intentional illegal act. Safeco submits that Ellis’s guilty plea and conviction conclusively establish that Ellis committed a crime, preventing it from having to prove that Ellis committed an illegal act. Safeco also argues that willful acts can cause a negligent, unintentional killing sufficient to support a conviction for culpable-negligence manslaughter under Mississippi Code Annotated section 97-3-47 (Rev. 2006). Safeco further states that Ellis’s intentional act of shooting at the Kees’ vehicle was illegal and thus sufficient to trigger the “illegal acts” exclusion from coverage regardless of whether there was also a criminal conviction.
¶ 14. Safeco also cites Section II of the policy, which states that “Medical Payments to Others do not apply to bodily injury or property damage which is expected or intended by any insured or which is the foreseeable result of an act or omission intended by any insured[.]” In United States Fidelity & Guaranty Co. v. Omnibank, 812 So.2d 196, 201 (¶ 20) (Miss. 2002), the supreme court held that “a claim resulting from intentional conduct which causes foreseeable harm is not covered [by an insurance policy], even where the actual injury or damages are greater than expected or intended.” Additionally, in Farmland Mutual Insurance Co. v. Scruggs, 886 So.2d 714, 720 (¶ 22) (Miss.2004), the supreme court reiterated that although the policy holder “may not like the consequences of their intentional ac *1128 tions,” the “Bodily Injury and Property Damage” section of the policy at issue in that case did not cover intentional acts by the policy holder. Here, the record shows that Ellis provided testimony that although he did not intend to kill Brian, he intended to shoot at the Kees’ vehicle.
¶ 15. In Lewis v. Allstate Insurance Co., 730 So.2d 65, 69 (¶ 15) (Miss.1998), our supreme court looked to other jurisdictions to resolve whether an exclusionary insurance policy provision applied to bar coverage where the insured intended to cause property damage only, but his conduct ultimately resulted in bodily injury. The supreme court determined that under the intentional-acts policy at issue, the policy holder’s intent to cause property damage was sufficient to trigger the exclusion, despite his lack of intent to cause bodily injury. Id. at 70 (¶ 22). We note that the language of the policy exclusion in Lewis differs from the language of the policy in the case before us. The Lewis policy exclusion stated:
We do not cover bodily injury or property damage resulting from:
(a) An act or omission intended or expected to cause bodily injury or property damages. This exclusion applies even if the bodily injury or property damage is of a different kind or degree, or is sustained by a different person or property, than that intended or expected!.]
Id. at 68 (¶ 10). However, we are guided by the supreme court’s analysis in Lewis. In Lewis, the supreme court held:
[T]he policy, as written, only requires that the insured intended or expected property damage which resulted in property damage or bodily injury for the exclusionary clause to apply. Normally, Allstate would have to show that Thompson [the insured] intended the property damage, or expected that property damage was substantially certain as a result of his actions. However, Thompson’s admission ... that he intended to, or at least expected that the actions by Green and Wilson would, cause property damage, satisfies Allstate’s burden and is sufficient to invoke the exclusion. Because of the language of the policy, Thompson’s intent regarding bodily injury is irrelevant.
Id. at 72 (¶ 30).
¶ 16. Here, Ellis admitted that he indeed intended to discharge his firearm at the Kees’ vehicle, resulting in Brian’s death (although Ellis claims he only fired at the vehicle with the intention of disabling the car). Accordingly, we affirm the circuit judge’s finding that Brian’s death was caused by an illegal act committed by Ellis, and, under the illegal-acts exclusion in the Safeco policy, Safeco does not owe liability insurance coverage to Ellis. See Lewis, 730 So.2d at 70 (¶ 22). We further find that the record supports that because Ellis intended to discharge the firearm, his actions were not an “accident” or “occurrence” as required by the policy. We therefore find no reversible error in the circuit judge’s dismissal of the suit, finding that under the exclusions in the policy, Safeco owed no liability coverage to Ellis for any claims against Ellis as a result of Brian’s death. See id.
¶ 17. THE JUDGMENT OF THE RANKIN COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, MAXWELL, RUSSELL AND FAIR, JJ., CONCUR.

. The record reflects that Safeco initially filed a motion to intervene and for a stay pending the United States District Court for the Southern District of Mississippi’s disposition of a pending declaratory-relief action. Lambert filed an affidavit stipulating that the amount in controversy was less than $75,000. In response, district court dismissed the declaratory-relief matter for lack of diversity jurisdiction. Safeco then moved to withdraw its previous motion to stay.