166 So.2d 920 (1964)
George B. LINCOMBE, Plaintiff and Appellee,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al., Defendant and Appellant.
No. 1207.
Court of Appeal of Louisiana, Third Circuit.
July 30, 1964.
Rehearing Denied September 10, 1964.
*921 Gist, Gist, Methvin & Trimble, by DeWitt T. Methvin, Jr., Alexandria, for plaintiff-appellant.
Cavanaugh, Hickman, Brame & Holt, by Meredith T. Holt, Lake Charles, for defendant-appellee.
Rogers & McHale, by Jack Rogers, Lake Charles, for plaintiff-appellee.
Before GRUGE, TATE and HOOD, JJ.
HOOD, Judge.
This is a tort action instituted by George B. Lincombe arising out of a motor vehicle collision which occurred on February 24, 1963. One of the automobiles involved in this collision was owned and was being driven by plaintiff and the other was owned by Sulphur Motor Company, Inc., and was being driven by Mrs. Hazel Grigsby. The suit was instituted against Mrs. Grigsby, State Farm Mutual Automobile Insurance Company and The Travelers Insurance Company.
Answers were filed by State Farm and by Travelers in each suit. Thereafter, each of these defendants, State Farm and Travelers, filed a motion for summary judgment in which motion each denied insurance coverage and for that reason demanded that the suit be dismissed as to it. These motions for summary judgment were tried and judgment was rendered by the trial court on January 2, 1964, granting the motion of Travelers and dismissing the suit with prejudice as to that defendant, but denying the motion for summary judgment filed in behalf of State Farm.
After the judgment was rendered, State Farm entered into a compromise settlement with the plaintiff, and in connection with that settlement plaintiff assigned to State Farm all of his claims and rights against Travelers. On a joint motion of plaintiff and State Farm, judgment was then rendered by the trial court dismissing the suit with prejudice as to State Farm and as to Mrs. Grigsby, but reserving all rights of "plaintiff and/or his assignee" against Travelers. Judgment also was rendered by the trial court on the same day substituting State Farm as the plaintiff in this suit instead of Lincombe. State Farm then, as the assignee of Lincombe and as the substituted plaintiff, appealed from the summary judgment rendered by the district court on January 2, 1964, dismissing the suit as to Travelers.
A companion suit was instituted against the same defendants by Mrs. Mary Louise Adams, who was riding as a guest passenger in the Lincombe automobile at the time the accident occurred. Substantially the same pleadings were filed and similar judgments were rendered by the trial court in both of these cases, and the two suits have been consolidated for the purpose of trial and appeal. Judgment is being rendered by us in the companion suit on this date. See Adams v. State Farm Mutual Automobile Insurance Company, et al., 166 So.2d 926.

*922 On Motion to Dismiss Appeal

After the records in the cases were lodged in this court Travelers filed a motion to dismiss the appeals, alleging as the principal grounds for that motion that the cause of action had been extinguished by confusion, that State Farm did not properly raise the issue of coverage as against Travelers, that another suit involving the same issues has been instituted by State Farm against Travelers which suit is now pending, and that the record does not contain sufficient evidence upon which this Court can dispose of the dispute between State Farm and Travelers.
An obligation is extinguished by confusion when the qualities of debtor and creditor are united in the same person. LSA-C.C. Article 2217. In the instant suit the record does not show that the qualities of debtor and creditor have been united in appellant, as contended by Travelers, so we conclude that the alleged debt has not been extinguished by confusion.
Plaintiff Lincombe alleges that "Travelers is the public liability insurer of Hazel Grigsby and/or the automobile she was driving at the time of the said accident." This allegation raises the issue of whether there was coverage under an insurance policy issued by Travelers, and since State Farm has been substituted as party plaintiff in this suit we think the issue of coverage is before the Court. The fact that another suit involving the same issue was instituted by State Farm against Travelers after the judgment appealed from here had been rendered does not constitute grounds for dismissing this appeal. It is true that the record does not contain sufficient evidence upon which we can dispose of the dispute between State Farm and Travelers, but the case has never been tried on its merits and the parties have not been afforded an opportunity to present evidence.
For these reasons, we find no merit to Travelers' motion to dismiss these appeals and, accordingly, the motion to dismiss is denied.

On the Merits
It appears from the pleadings, affidavits and documents filed in the record that on and prior to February 11, 1964, Mrs. Grigsby owned a 1959 Chevrolet automobile. On that date, which was 13 days before the accident occurred, Mrs. Grigsby purchased a new station wagon from Sulphur Motor Company, Inc., and she traded in her 1959 Chevrolet as a part of the consideration for it. She delivered her 1959 Chevrolet to the motor company on that date, but the company did not have the station wagon which she wanted in stock so it was ordered for her. The Sulphur Motor Company then furnished her with a 1963 Ford Galaxie automobile for her to use until her new station wagon came in. Mrs. Grigsby was driving this 1963 Ford automobile, which was owned by Sulphur Motor Company, when the accident occurred. The station wagon which had been ordered for her arrived and was delivered to her four days after the date of the accident.
At the time of the accident there was in effect a policy of insurance issued by State Farm to Mrs. Grigsby insuring her against claims for damages arising out of her use of "the owned automobile or any non-owned automobile." The "owned automobile" is specified in the policy as being the 1959' Chevrolet which Mrs. Grigsby traded in for a new station wagon. State Farm contends primarily that no coverage at all was provided for Mrs. Grigsby under this policy while she was using the 1963 Ford automobile, because that vehicle was neither an "owned automobile" nor a "non-owned automobile," as those terms are used in the policy. State Farm further contends, in the alternative, that any insurance which may be afforded under its policy is only "excess insurance," over and above that afforded by other valid and collectible insurance, and that in this case State Farm is not liable because insurance coverage for more than the amount claimed is provided by Travelers.
*923 There also was in effect at the time of the accident an insurance policy issued by Travelers to Ed Taussig Ford, Inc., which policy also covered the operations of Taussig's subsidiary, Sulphur Motor Company, Inc. Under the provisions of this policy Travelers insured against claims for personal injury and property damage any person while using an owned automobile with the permission of the named insured. The 1963 Ford automobile which had been loaned to Mrs. Grigsby was owned by the named insured, it was being used by her with the permission of the owner, and Mrs. Grigsby clearly was an insured under that policy while she was using that car.
Travelers points out, however, that the policy which it had issued provides coverage for the driver of an owned automobile "only if no other valid and collectible automobile liability insurance, either primary or excess * * * is available to such person." It contends that the policy which it had issued covering the 1963 Ford is not effective and provides no insurance coverage at all for Mrs. Grigsby, because other valid and collectible automobile liability insurance (the State Farm policy) is available to her.
The trial judge concluded that Mrs. `Grigsby was an insured under the State Farm policy at the time of the accident, and that the policy issued by State Farm provided primary coverage for her while she was driving the 1963 Ford automobile. The court further held that since other valid and collectible automobile liability insurance (provided by the State Farm policy) was available to Mrs. Grigsby, then the policy issued by Travelers was not applicable and provided no coverage here. A summary judgment accordingly was rendered by the trial court dismissing the suit as to Travelers.
We will consider first the question of whether the automobile which Mrs. Grigsby was driving at the time of the accident was an "owned automobile" or a "nonowned automobile," within the meaning of the State Farm policy, and thus whether insurance coverage was provided by that policy in connection with this accident.
According to the policy the term "owned automobile" includes a temporary substitute automobile. A "temporary substitute automobile" is defined in the policy as:
"* * * any automobile or trailer, not owned by the named insured, while temporarily used as a substitute for the owned automobile or trailer when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction."
We agree with State Farm that the Ford automobile which Mrs. Grigsby was driving at the time the accident occurred was not a "temporary substitute automobile," as that term is used in the policy, because the owned automobile, that is, the 1959 Chevrolet, had not been withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction. Little v. Safeguard Ins. Co., La.App. 3 Cir., 137 So.2d 415 (Cert, denied); Fullilove v. U.S. Casualty Co. of N.Y., 240 La. 859, 125 So. 2d 389; 34 A.L.R.2d Anno.: Automobile Insurance-Substituted Cars, pp. 947-951; 21 LLR 835 et seq.
A "non-owned automobile" is defined in the State Farm policy as follows:
"`Non-owned automobile' means an automobile or trailer not owned by or furnished for the regular use of either the named insured or any relative, other than a temporary substitute automobile."
State Farm contends that the Ford automobile which Mrs. Grigsby was driving cannot be classified as a "non-owned automobile" under the terms of the policy, because it had been furnished for the "regular use" of the named insured, and thus it was excluded from coverage. Travelers, on the other hand, argues that the Ford automobile was not furnished for her regular use.
*924 The question of what constitutes "regular use," within the meaning of an exclusion clause in an automobile insurance policy, is one which must be determined according to the peculiar facts and circumstances of each case. Dickerson v. Millers Mutual Fire Ins. Co. of Texas, La. App. 2 Cir., 139 So.2d 785. And in resolving this question we are governed by the settled jurisprudence that when a provision in an insurance policy is subject to more than one reasonable interpretation, then since the contract was prepared by the insurer it should be given the interpretation which is most favorable to the insured. LSA-C.C. art. 1957; Jones v. Standard Life & Accident Ins. Co., La.App. 2 Cir., 115 So.2d 630.
As pointed out in Dickerson v. Millers Mutual Fire Ins. Co. of Texas, supra, the purpose which an insurance company has in incorporating in its policy a provision excluding from coverage a non-owned automobile which is furnished for the regular use of the named insured is to protect itself from a situation where an insured could pay for one policy on one vehicle and then be covered by the same insurance while driving any car that he decided to use, including other cars which are under his control and which may be used by him often and at will. By excluding from coverage non-owned automobiles which are furnished for the regular use of the named insured, the insurer avoids regular double coverage although it does extend protection to the casual or infrequent use of automobiles other than the one described in the policy. See Sumrall v. Aetna Casualty & Surety Company, La.App. 2 Cir., 124 So.2d 168 (Cert, denied); Hemel v. State Farm Mutual Automobile Insurance Company, 211 La. 95, 29 So.2d 483; Leteff v. Maryland Casualty Company, La.App. 1 Cir., 91 So.2d 123 (Cert, denied).
In this case the 1963 Ford which Mrs. Grigsby was driving at the time of the accident had been loaned to her for only a brief period of time while awaiting the arrival of the new station wagon which she had ordered. Her use of it was to be discontinued as soon as delivery was made of the new vehicle which she had purchased. The Sulphur Motor Company had undertaken merely to provide her with some vehicle to drive while she was without a car. There was no commitment to furnish this particular Ford automobile, and the Motor Company could have taken it back and furnished her with another at any time without violating any duty which it owed her. The status of the 1963 Ford which she was driving at the time of the accident, therefore, was not that of an automobile which had been furnished to her for her "regular use." She had sold and delivered her old car to the Motor Company, so she was not driving both cars during that period of time, and thus the risk to the insurer was not increased and there was no double coverage. Under these circumstances we think the car which Mrs. Grigsby was driving at the time of the accident was not excluded from coverage under the State Farm policy. See Embody v. Le Blanc, La.App. 1 Cir., 131 So.2d 225; and other cases above cited.
We conclude, therefore, that the automobile which was being driven by Mrs. Grigsby at the time the accident occurred was a "non-owned automobile," as that term is used in the State Farm policy, and that the public liability and property damage features of the State Farm policy applied to Mrs. Grigsby while she was operating that car.
State Farm contends, further and in the alternative, that even though the 1963 Ford automobile being driven by Mrs. Grigsby was covered as a "non-owned automobile," nevertheless State Farm is not liable because the insurance coverage provided by its policy was only "excess insurance over any other valid and collectible insurance." It argues that Mrs. Grigsby was an "insured" under the policy issued by Travelers, and that since other valid and collectible insurance was available to her for more than the total amount of plaintiff's claim, then there is no liability on the part of *925 State Farm. Travelers, as we have already pointed out, contends that its policy affords no coverage because of an "escape" clause contained in that policy. It argues that the insurance provided by the State Farm policy is available to Mrs. Grigsby, and for that reason Travelers is relieved from liability.
The policy issued by State Farm contains the following provision:
"* * * the insurance with respect to a temporary substitute automobile or non-owned automobile shall be excess insurance over any other valid and collectible insurance."

The insurance policy issued by Travelers, covering the 1963 Ford which was being driven by Mrs. Grigsby, defines an "Insured" under that policy as any person other than the named insured, while using an automobile covered by the policy with the permission of the named insured,
"but only if no(t) other valid and collectible automobile liability insurance, either primary or excess, with limits of liability at least equal to the minimum limit specified by the financial responsibility law of the state in which the automobile is principally garaged, is available to such person."

Each of these insurers, relying on the above quoted provisions of the policies, denies liability on the ground that the insurance provided by the other is available to Mrs. Grigsby. State Farm contends that it provides only excess coverage over and above that afforded by the Travelers policy. And Travelers contends that it provides no coverage because the insurance afforded by the State Farm policy is available to the insured.
In our opinion there is no real difference between the quoted provisions of these policies. In each the purpose is to relieve the insurer from all or a portion of the liability which it otherwise would have if there is other valid and collectible insurance of the same type available to the insured. Actually, the insurance afforded by one of these policies is not any more "available" to the insured than is the insurance provided by the other. We think, therefore, that the "excess insurance" clause in the State Farm policy and the "other insurance" or escape clause in the Travelers policy are mutually repugnant to each other, and that insofar as the claim in this case is concerned those provisions of the policies are ineffective. See Nationwide Mutual Ins. Co. v. State Farm Mutual Automobile Ins. Co. (Md. W. Va.) 209 F.Supp. 83; Oregon Auto Ins. Co. v. USF&G (9 Cir.) 195 F.2d 958; Bradshaw v. St. Paul & Marine Insurance Company (Ga.) 226 F.Supp. 569.
The Travelers policy also provides, with respect to a person occupying Mrs. Grigsby's position in this case, that the following "limits of liability" are applicable:
"I) The applicable limit of the company's liability shall be the amount by which (1) the applicable minimum limit of liability for bodily injury or property damage specified in the financial responsibility law of the state in which the automobile is principally garaged exceeds (2) the sum of the applicable limits of liability under all the other valid and collectible insurance available to the insured, and
"II) The insurance under this policy shall not apply to any loss with respect to which the insured has other valid and collectible insurance unless the total amount of the loss exceeds the sum of the limits of liability of all other policies affording such other insurance and the company shall then be liable, subject to clause (1) foregoing, only for the excess."
We have already pointed out that because of some mutually repugnant provisions *926 of both insurance contracts, the insurance afforded by the State Farm policy is not any more "available" to the insured than is the insurance provided by Travelers, and for that reason these conflicting or irreconcilable provisions in both policies were held to be ineffective. For the same reasons we think the above quoted provisions of the Travelers policy are ineffective here insofar as they purport to reduce the liability of Travelers to a figure less than would be applicable if no other insurance at all was available to Mrs. Grigsby. In our opinion the last quoted provisions of the Travelers policy do not have the effect of relieving that insurer from liability in this case.
We conclude, for the reasons herein set out, that Mrs. Grigsby is an "insured" under both the State Farm and the Travelers policies, and that under the facts and circumstances presented here both of these companies must be regarded as primary insurers of her in connection with the claim asserted by the original plaintiff in this suit. State Farm, as the assignee of the plaintiff, or as one of the two debtors who has paid the entire debt, is entitled to recover from Travelers, the other debtor, at least a portion of the amount which it was required to pay, provided, of course, that it is established that the insured is or would be liable for the damages allegedly sustained by Lincombe as a result of this accident.
It is not necessary for us to consider or to determine at this time what portion of the debt (if it is established that a debt does exist) may be owed by State Farm and what portion may be owned by Travelers. We, therefore, express no opinion as to that question.
For the reasons herein set out, that portion of the judgment of the trial court rendered on January 2, 1964, which dismisses the suit with prejudice as to Travelers Insurance Company is reversed. In all other respects the judgment appealed from is affirmed. The case is remanded to the district court for further proceedings consistent with the views herein expressed. The costs of this appeal are assessed to Travelers Insurance Company, the defendant-appellee.
Reversed in part; affirmed in part; and remanded.

On Application for Rehearing.
Rehearing denied.