CHEHARDY, Judge.
Plaintiff appeals from a judgment dismissing his suit against defendant, Allstate Insurance Company, on a motion for summary judgment.
Reu Baesler, the plaintiff, was injured in an automobile accident in the course and scope of his employment with Shell Oil Pipeline while driving a vehicle belonging to his employer. He sued the driver and insurer of the other vehicle involved, his employer, and his own personal automobile liability insurer, Allstate Insurance Company, under the uninsured/underinsured provision of his own policy.
Allstate filed a Motion for Summary Judgment, relying on a specific exclusion in the policy which provides that the UM coverage shall not apply where the insured is driving a vehicle “furnished for the regular use of the named insured or any resident of the same household.”
In support of its motion, Allstate relies on that provision in its policy and the deposition of Mr. Baesler.
Testimony given at the deposition relative to the pertinent issue was as follows:
“Q. On June 3, 1982, it is my understanding you were involved in an accident; is that correct?
A. That is correct.
Q. What kind of vehicle were you driving on that day?
A. I was driving a Mercury Monarch.
Q. What year?
A. Seventy-nine.
Q. Is that your vehicle?
A. A company vehicle.
*1000 Q. Was that a vehicle that was provided to you as a company car?
A. That is correct.
Q. In having that ear as a company vehicle, would you take it home, or would you leave it at the plant?
A. They assign it to you.”
This is the only testimony in the deposition relative to the use and ownership of the ear.
In opposition to the matter, plaintiff claims the deposition clearly shows the vehicle was not furnished for regular use, but only for use in plaintiffs work and to drive back and forth to work. “He could not drive it to the Panama Canal Zone for a vacation.”
It is appellant’s position that because “regular use” is not defined in the policy the term is ambiguous and therefore is to be construed in favor of the insured. He suggests that what is or is not “regular use” is a question of fact and that at the trial he would present evidence of significant and substantial limitations on his use of the vehicle.
Both parties rely on the same cases, Lincombe v. State Farm Mutual Automobile Ins. Co., 166 So.2d 920 (La.App.3d Cir.1964); and Nevels v. Hendrix, 367 So.2d 33 (La.App. 4th Cir.1978).
Both cases interpret what constitutes “regular use” within exclusion clauses under automobile liability policies’ nonowned automobile provisions.
In Lincombe the court held that an automobile furnished for the use of a buyer while awaiting delivery of her new automobile was not one furnished for her “regular use” but was a “nonowned automobile,” as one not owned by, or furnished for, the regular use of the insured.
In Nevels the court held that an automobile which was regularly furnished by the named insured’s employer exclusively for business purposes and which was being used by the insured at the time of the accident for an isolated or casual personal use did not fall within the “furnished for regular use” exclusion of the family automobile policy.
The facts in the instant case differ from those in the cited cases. Here plaintiff was not driving a vehicle temporarily, as in the Lincombe case, nor did the accident happen after hours while plaintiff was on a mission of his own, as in Nevels.
From the deposition and brief of appellant we conclude that the car plaintiff was driving was furnished to him for his regular use for business purposes.
In opposition to the motion for summary judgment plaintiff introduced no counter affidavits, although he indicates by way of brief he could present evidence at the trial on the merits.
LSA-C.C.P. art. 966 provides that a summary judgment is mandated where there is no genuine issue of material fact and where the mover is entitled to a judgment as a matter of law. The burden is clearly on the mover. The courts have presumed that there is no dispute regarding material facts where no countervailing evidence is presented by respondent. Coastal Contractors, Inc. v. Tri-City Const. Co., 238 So.2d 36 (La.App. 1st Cir.1970).
As stated in Nevels v. Hendricks, supra, at p. 35:
“A family automobile liability policy generally covers an insured for liability arising out of the use of any automobile, but some uses are excluded when the nature of the use generates substantial risks not contemplated by this type of policy. The purpose of the insuring agreement in this policy, as to vehicles not owned by the insured, is to provide coverage during the occasional or casual use of such vehicles, but to exclude coverage of the frequent, habitual or principal use of such vehicles which would substantially increase the risks of the insurer beyond those contemplated when the parties entered into the insurance contract.”
In Footnote 1 to the decision, the court suggested three scenarios relative to the *1001 applicability' of the exclusion presented there and here:
“In the case of an employer-employee relationship there are three principal situation possibilities: (1) the employer furnishes an automobile (either a specific vehicle or a motor pool from which a non-designated vehicle is regularly available) for the employee’s unlimited and unrestricted use; (2) the employer furnishes an automobile for the employee’s limited use (usually restricted to business purposes), and the accident occurs while the employee is in the scope of that limited use; or (3) the employer furnishes an automobile for the employee’s limited use, and the accident occurs while the employee is outside the scope of that limited use.
“In the first two situations the ‘furnished for regular use’ exception clearly applies. The third situation, presented by this case, offers a more difficult question for consideration.”
This reasoning also accords with public policy that liability insurance is not issued for the protection of the insured, but for the protection of the public. Nevels v. Hendricks, ibid; Davies v. Consolidated Underwriters, 6 So.2d 351 (La.1942); Webb v. Zurich Insurance Company, 205 So.2d 398 (La.1967).
In the instant case we conclude, as did the trial court, that plaintiff was assigned a company car for business purposes and that he was injured during that period that the car was assigned for his regular use and thus excluded from coverage under the pertinent provision of his policy.
For the reasons assigned the judgment appealed from is affirmed.
AFFIRMED.