560 So.2d 571 (1990)
Timothy P. KERNER
v.
Leroy E. LABALLE, III Aetna Life & Casualty Company and the Prudential Property and Casualty Insurance Company.
No. 89-CA-764.
Court of Appeal of Louisiana, Fifth Circuit.
April 11, 1990.
*572 Richard A. Weigand, Weigand, Weigand & Meyer, New Orleans, for plaintiff-appellant Timothy P. Kerner.
Christopher E. Lawler, Kevin K. Gipson, Donovan & Lawler, a Professional Law Corp., Metairie, for defendant-appellee Prudential Property and Cas. Ins. Co.
Before KLIEBERT, GAUDIN and DUFRESNE, JJ.
KLIEBERT, Judge.
Plaintiff-appellant, Timothy P. Kerner, devolutively appeals from a judgment dismissing his suit against defendant-appellee, The Prudential Property and Casualty Insurance Company ("Prudential"), on a motion for summary judgment. We affirm the trial court's ruling.
Kerner was injured in an automobile accident in the course and scope of his employment as a tax collector with the Jefferson Parish Sheriff's Office. At the time he was driving a sheriff office-owned vehicle. Kerner sued the driver and insurer of the other vehicle and, Prudential, his automobile liability insurer, under the uninsured/underinsured motorist (UM) provision of his policy. The only car owned by Kerner at the time of the accident was a 1987 Buick and it was the only covered vehicle listed in his Prudential policy.
Prudential filed a motion for summarial dismissal of the suit based on the following specific exclusion in the UM provisions of the policy:[1]
"LOSSES WE WILL NOT PAY FOR (PART IV) [UNINSURED-UNDERINSURED MOTORIST COVERAGE] REGULARLY USED NON-OWNED CARS
We will not pay for bodily injury to you or a household relative using a non-owned car not insured under this part, regularly used by you or a household resident."
In support of its motion, Prudential relies on the exclusionary provisions and testimony given by depositions that the sheriff-owned vehicle Kerner was operating at the time of the accident was assigned to him for his regular and job-related use. Plaintiff does not seriously dispute the facts or the exclusionary provisions of the policy. Rather, plaintiff argues the exclusion contained in the policy is null because repugnant to the state's public policy and more particularly specifically prohibited by LSA-R.S. 22:1406 D(1)(a).[2] This provision requires uninsured/underinsured motorist insurance coverage to the extent of liability coverage unless there is a waiver or reduction in coverage by the insured.
On appeal plaintiff relies on Elledge v. Warren, 263 So.2d 912 (3rd Cir.1972), writ denied, 266 So.2d 223 (La.1972); Nevels v. Hendrix, 367 So.2d 33 (4th Cir.1978); Baesler v. State Farm Mutual Auto. Ins. Co., 481 So.2d 131 (La.1986) in support of his position. The circumstances in the instant case differ from those in the cited cases.
The issue in the Elledge case, supra, was whether the son of the named insured should be excluded from uninsured/underinsured *573 motorist coverage under his father's policy because he was riding an owned, but not insured motorcycle. Thus, the court was not asked to review "... a non-owned regularly used automobile exclusion" as is present here but, rather, whether an insurer could properly exclude from uninsured/underinsured coverage an owned uninsured motorcycle owned by the insured's son.
In Baesler, supra, the exclusionary provision was contained only under the liability portion of the policy; whereas, here the exclusionary provision is contained in both the liability portion and the uninsured/underinsured portion of the policy.
Although the Nevels case, supra, involved a non-owned automobile assigned for regular use, the exclusionary provision was under the liability provisions of the policy and involved liability rather than uninsured/underinsured motorist coverage.
While orally arguing in the trial court, counsel for plaintiff conceded he knew of no case directly in support of or against his position. Further, he concluded that the following language by the Supreme Court in the Baesler case, supra, which he relied on was dicta:
"On the basis of the affidavits submitted this court would find it difficult to agree that Baesler's car had been furnished for his regular use, cf. Nevels v. Hendrix, 367 So.2d 33 (4th Cir.1978), or that such an exclusion could stand against the mandate of the uninsured motorist statute. See R.S. 22:1406D(1)(a). Because Baesler so clearly must prevail on the wording of the policy, however, it is unnecessary to consider either question."
In Phillips v. Barraza, 349 So.2d 347 (4th Cir.1977), the Fourth Circuit considered the argument here made that the "regular use" exclusion (involved in that circumstance) violated LSA-R.S. 22:1406 and Louisiana Public Policy which favors uninsured/underinsured protection and rejected it.
As we read LSA-R.S. 22:1406 D(1)(a), quoted in footnote 2, where the insurer issues an automobile liability policy, the policy is considered as providing uninsured/underinsured coverage to the same limits as the liability limits unless the insurer shows in writing that the insured waived the coverage or requested lower limits. We see nothing in the statute which prohibits the insurer from including an exclusionary clause, such as the one involved here, in the uninsured/underinsured provisions of the policy; particularly where, as here, the same exclusion is included in the liability provisions of the policy.
Further, we do not consider the exclusionary provision involved here repugnant to the public policy of the state. As stated by the trial judge, although this state's public policy mandates liability insurance coverage to specified limits, it merely favors, rather than mandates, uninsured/ underinsured coverage.
For the reasons stated therefore we affirm the trial court's judgment. Costs are to be borne by the plaintiff-appellant.
AFFIRMED.
NOTES
[1] This exclusion is also found in plaintiff's corresponding liability policy from Prudential.
[2] LSA-R.S. 22:1406 D(1)(a) reads as follows:

"D. The following provisions shall govern the issuance uninsured motorist coverage in this state.
(1)(a)(i) No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle designed for use on public highways and required to be registered in this state or as provided in this Subparagraph unless coverage is provided therein or supplemental thereto, in not less than the limits of bodily injury liability provided by the policy, under provisions filed with and approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom; provided, however, that the coverage required under this Subsection shall not be applicable where any insured named in the policy shall reject in writing, as provided herein, the coverage or selects lower limits. Such coverage need not be provided in or supplemental to a renewal, reinstatement, or substitute policy where the named insured has rejected the coverage or selected lower limits in connection with a policy previously issued to him by the same insurer or any of its affiliates."