JaFOGG, Judge.
Plaintiff appeals a summary judgment rendered in favor of the defendant insurer upon a finding that LSA-R.S. 22:1406(D)(l)(e) precludes uninsured motorist insurance coverage. We affirm.
It is undisputed that David and Gwendolyn Elliott were married on November 2, 1991. Prior to their marriage, they entered into a prenuptial agreement and elected a separate property regime. The agreement recognized David Elliott’s 1985 Ram Charger truck as his separate and paraphernal properly and Gwendolyn Elliott’s 1988 Chevrolet Beretta as her separate property. David Elliott insured his truck through Southern United Fire Insurance Company. His policy provided liability coverage, but uninsured motorist coverage was rejected. Gwendolyn Elliott insured her automobile through Prudential Property and Casualty Insurance Company (Prudential). That policy provided Mrs. Elliott with $100,000 in uninsured motorist coverage.
On May 31, 1993, Gwendolyn Elliott and her two minor children, Derrick and Nicholes Hall, were passengers in her husband’s truck, when the vehicle struck the rear of a truck stopped on the Interstate 10 Mississippi River Bridge in Baton Rouge. Mrs. Elliott and the two children suffered personal injuries.
Mrs. Elliott, individually and on behalf of her two minor children, sued for damages naming as defendants, among others, Southern United Fire Insurance Company and Prudential.[1] As to Prudential, Mrs. Elliott sought to recover uninsured motorist benefits.
Prudential responded to this lawsuit by filing a motion for summary judgment on the issue of coverage. Therein, it asserted that the provisions of LSA-R.S. 22:1406(D)(l)(e), as well as the provisions of the policy, precluded the recovery of uninsured motorist insurance. The trial court granted the defendant’s motion and dismissed the plaintiffs claim against Prudential.
|sWe pretermit the issue of whether the statute precludes recovery as we find the language of the insurance policy is dispositive of the issue of coverage.
*940 Plaintiff asserts that the trial court erred in holding that a separately issued insurance policy covering the Chevrolet which was not involved in the accident did not provide uninsured motorist coverage for her injuries. Conversely, Prudential seeks to limit its liability by relying on an exclusion contained in its policy. In asserting that the policy precludes coverage, Prudential notes that the declaration sheet of Prudential’s policy describes a 1988 Chevrolet Beretta, and no other vehicle. Prudential contends that, therefore, coverage is excluded under the following clause which appears in Part 4 of the policy, which is entitled, “PART 4 UNINSURED MOTORISTS PAC 4/LA (ED. 1/88) IF YOU ARE HIT BY A MOTOR VEHICLE THAT IS UNINSURED OR UNDER-INSURED”:
LOSSES WE WILL NOT PAY FOR {PART 4)
CARS OWNED BY RESIDENT RELATIVES
We will not pay for bodily injury or property damage for anyone using a car not insured under this part owned by you or a resident relative.
It is undisputed that the truck involved in the accident was owned, in part, by Mr. Elliott. Furthermore, under the definitions section of the policy the term “resident relative” is defined as “someone who lives in your household and is related to you by blood, marriage, adoption or is a ward or foster child.” Thus, the truck does not meet the definition of an uninsured motor vehicle. Mrs. Elliott attacks the policy provision as being against public policy which “promotes uninsured motorist coverage and allows married individuals to own separate property.” However, she cites no jurisprudence in making this argument and our review of the caselaw leaves us with no support for this proposition. Rather, we find jurisprudential support for the converse argument. See Scmdoz v. State Farm Mutual Auto. Co., 620 So.2d 441 (La.App. 3d Cir.1993) (wherein similar exclusionary language withstood assertions that it violated public policy); see also Kemer v. ┴4Laballe, 560 So.2d 571 (La.App. 5th Cir.1990).
For the foregoing reasons, we affirm the judgment of the trial court. Costs are to be borne by the appellant.
AFFIRMED.

. The lawsuit entitled “Barry Scruggins vs. David Elliott, et al", suit number: 25,817, Division "B”, was subsequently transferred and consolidated with the suit filed by Gwendolyn Elliott.