h KIRBY, Judge.
Plaintiff, Brian Cadwallader, appeals the trial court’s judgment granting summary judgment to defendant, Allstate Insurance Company, and denying summary judgment to plaintiff.
The undisputed facts of this case are as follows: On May 23, 1998, M.S., N.A. and O.P.[1] were foster children of Dinnah Ruf-fin, and were involved in a motor vehicle accident while riding in a vehicle owned by Marietta Beraud and operated by Natalie Beraud. The plaintiff in this case is Brian Cadwallader, appearing as La. C.C.P. art. 683(D) representative of M.S.; as attorney for T. Darlene Bewley, the La. C.C.P. art. 683(D) representative of N.A.; and as attorney for Lawrence Pichler, the provisional tutrix ad litem of O.P. Plaintiff filed suit against Natalie Beraud, and Allstate Insurance Company as the liability insurer of Natalie Beraud and as the UM insurer of Dinnah Ruffin.
Plaintiffs claims against Allstate in its capacity as the liability insurer of Natalie Beraud were settled. Cross motions for summary judgment were filed by plaintiff and Allstate on the issue of whether or not the foster children of Dinnah Ruffin are covered under her UM policy with Allstate. Plaintiff argued that the bfoster children are covered under the policy, and Allstate argued that they are not. In support of its motion, Allstate filed a memorandum and a copy of its policy issued to Ruffin. Plaintiff filed a memorandum in. support of its motion. The Allstate UM policy at issue lists insured persons as ‘You and any resident relative.” The issue presented by the cross motions for summary judgment is whether a foster child is a resident relative under the policy. The trial court granted Allstate’s motion for summary judgment, and denied plaintiffs motion for summary judgment. Plaintiff now appeals.
Summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966. Article 966 was amended in 1996, but the burden of proof remains with the mover to show that no genuine issue of material fact exists. If the mover will not bear the burden of proof at trial, his burden on the motion does not require him to negate all essential elements of the plaintiffs claim, but rather to point out that there is an absence of factual support for one or more elements essential to the claim. La. C.C.P. art. 966 C(2); Fairbanks v. Tulane University, 98-1228 (La.App. 4 Cir. 3/31/99), 731 So.2d 983. After the mover has met its initial burden of proof, the burden shifts to the non-moving party to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial. La. C.C.P. art. 966 C(2); Smith v. General Motors Corp., 31-258 (La.App. 2 Cir. 12/9/98), 722 So.2d 348. If the non-moving party fails to meet this burden, there is no genuine issue of material fact and the mover is entitled to summary judgment as a matter of law. La. C.C.P. art. 966; Schwarz v. Administrators of Tulane Educational *1029 Fund, 97-0222 (La.App. 4 Cir. 9/10/97), 699 So.2d 895. Appellate courts review summary judgments de novo, using the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate.
In the Allstate UM policy at issue, the term “resident” is defined as “a person who physically resides in your household with the intention of continuing residence there.” Allstate does not dispute that the foster children were residents of the named insured’s household at the time of the accident. The only disputed issue is whether or not they are considered “relatives” of Ms. Ruffin under her policy.
Allstate argues that the Louisiana Supreme Court, in Carbon v. Allstate Insurance Co., 719 So.2d 437 (La.1998), has previously determined that the term “resident relative” is neither ambiguous nor against public policy. Although the policy in Carbon included the term “resident relative,” the Court only addressed the meaning of the term “resident,” and its holding was only that Allstate’s definition of the term “resident” was neither ambiguous nor against public policy. There was no dispute between the parties that the person for whom coverage was sought was a relative of the insured. Therefore, the situation in the Carbon case is distinguishable from the instant case.
The term “relative” is not defined in the Allstate policy in the instant case. The jurisprudence reveals that UM policies of an insurer other than Allstate have defined the term “resident relative” as specifically including foster children. See, Delahoussaye v. Modere, 98-1033 (La.App. 5 Cir. 4/14/99), 733 So.2d 679; Armand v. Rhodes, 96-15 (La.App. 3 Cir. 12/11/96), 685 So.2d 546; Elliott v. Elliott, 95-1191 (La.App. 1 Cir. 2/23/96), 672 So.2d 938.
In Ledet v. Leighton, 98-952 (La.App. 3 Cir. 2/3/99), 736 So.2d 854, the term “relative” was defined in another insurer’s policy as “(a) .a person related to you by blood or marriage or adoption; (b) a person under the age of 21 who is in your care or that of a person named in (a); or (c) a dependent person in your care, unable to be self-supportive due to a medical handicap. Relative includes a ward or foster child.” The jurisprudence also reveals several cases in which insurance policies define the term “family member” as persons related to the insured by blood, marriage or adoption, and specifically include foster children in that definition. See Meyer v. Gulotta, 98-1467 (La.App. 1 Cir. 12/28/99), 747 So.2d 738; Lavergne v. Thomas, 99-1186 (La.App. 3 Cir. 12/8/99), 758 So.2d 197; Davis v. Brock, 602 So.2d 104 (La.App. 4 Cir.1992); Saffel v. U.S. Indemnity Assurance Group, Inc., 609 So.2d 278 (La.App. 3 Cir.1992).
The provision in the Allstate policy providing for coverage of a “resident relative” is vague and ambiguous without an accompanying definition of the term relative. Ambiguous policy provisions generally are to be construed against the insurer and in favor of coverage. Carrier v. Reliance Insurance Co., 99-2573, p. 12 (La.4/11/00), 759 So.2d 37, 43. This strict construction rule applies only if the ambiguous policy provision is susceptible to two or more reasonable interpretations. Id.
As stated above, other insurance companies have defined the terms relative, resident relative and family member to specifically include foster children. Therefore, the inclusion of foster children in the definition of the term “resident relative” in the instant policy is a reasonable interpretation of that term. Furthermore, there is no provision in the policy at issue specifically excluding foster children from coverage. Any exclusion from UM coverage in an insurance Impolicy must be clear and *1030 unmistakable. Dore v. Brignac, 2000-1719 (La.App. 4 Cir. 6/20/01), 791 So.2d 736.
Because an ambiguous policy provision is construed against the insurer, and the inclusion of foster children in the term “resident relative” is a reasonable interpretation of that term, the foster children of Dinnah Ruffin were covered under her UM policy, and plaintiff is entitled to summary judgment as a matter of law. The trial court erred in granting summary judgment in favor of Allstate and in denying summary judgment to the plaintiff.
For the reasons stated above, the trial court judgment is reversed. Judgment is hereby rendered denying Allstate’s motion for summary judgment and granting plaintiffs motion for summary judgment against Allstate on the issue of coverage of the foster children under Dinnah Ruffin’s UM policy. This case is remanded for further proceedings.
REVERSED, RENDERED AND REMANDED.

. Because the children in this case were placed in foster care by order of a Juvenile Court, we will refer to them by their initials only for confidentiality purposes.